IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLIFFORD W. DORSEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-642-SLR |
| | ) | |
| BARCLAYS BANK (US), | ) | |
| | ) | |
| Defendant. | ) | |

Clifford W. Dorsey, pro se Plaintiff.

Richard R. Wier, Jr., Esquire, and Michele D. Allen, Esquire of Wier & Allen, Wilimington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: April 30, 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Clifford W. Dorsey, Jr. ("plaintiff"), who proceeds pro se, filed this employment discrimination complaint against Barclays Bank (U.S.) ("defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e through 2000e-17 ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq ("ADA"). (D.I. 2) Presently before the court are two motions filed by defendant for: (1) dismissal of the action for failure to prosecute; and (2) summary judgment.[1] (D.I. 23) The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5. For the reasons set forth below, the court will dismiss the complaint for failure to prosecute.

## II. BACKGROUND

Plaintiff was employed by defendant as a Relationship Manager from July 9, 2007 to March 10, 2009, when he was terminated. (D.I. 2 at 8-9) In that role, he "was responsible for carrying out critical customer services activities for the Bank's credit card customers . . . [and for] encourag[ing] customers to purchase other Barclay's products and services . . . ." (Id.) He states that he received high grades on his evaluations, was asked to assist in training with other relationship managers, and was awarded a $1,000 bonus for the "highest conversation rate of cross sales." (Id. at 14) Plaintiff asserts that, regardless of his performance, he was discriminated against because of his disabilities and religious preferences. (D.I. 24, ex. B at 2) Plaintiff filed a religious discrimination claim (under Title VII) and a disabilities claim (under the ADA)

---

[1] Due to the nature of the motions, only the motion to dismiss will be discussed.

with the Equal Employment Opportunity Commission ("EEOC") on November 16, 2009. (D.I. 24, ex. B at 2)

In his EEOC claim, plaintiff stated that, in September of 2008, he was denied a requested (and previously approved) day off to attend a religious conference. (D.I. 24, ex. E at 2) Plaintiff also stated that on December 24, 2008, he left work in an ambulance after experiencing a medical emergency. (D.I. 2 at 14) Upon return, plaintiff told defendant of his disabilities[2] and gave defendant a letter from plaintiff's cardiologist, Dr. Antonio Pastore, explaining plaintiff's ability to work but noting that he would need to be excused for further testing. (*Id.*) While at work, plaintiff continued to experience some health issues, including some adverse effects of his medications requiring him to frequent the restroom, which his manager found to be a distraction. (*Id.*) On February 8, 2008, Dr. Thomas Sargent wrote a letter to defendant explaining plaintiff's frequent bathroom visits, but plaintiff maintains that his manager continued to "harass" him and write him up regarding his use of the bathroom up until his termination. (*Id.* at 12)

Defendant responded to plaintiff's EEOC claim by stating that plaintiff was terminated due to falsification of his call records (D.I. 24 at 3), but submitted information to the State of Delaware Department of Labor (Division of Unemployment Insurance) that plaintiff's termination was a result of absenteeism. (D.I. 2 at 10) Based on plaintiff's recitation of the facts and defendant's proffered nondiscriminatory reason for

---

[2]Plaintiff states that he has the following health complications: "Narcolepsy, [t]ype 2 [d]iabeties, [i]nsomnia, and [a c]ircadian [r]hythm [d]isorder called (ASPS), [a]dvanced [s]leep [p]hase [s]yndrome . . . ." (D.I. 2 at 15)

2

termination, the EEOC responded with a right to sue letter stating that further investigation would not produce sufficient evidence for a "finding of a violation under the statutes enforced by the Commission." (*Id.* at 19)

Plaintiff filed the civil complaint on July 30, 2010. (*Id.* at 1) An April 2011 scheduling order gave a deadline of May 6, 2011 to file motions to join parties and amend pleadings. (D.I. 11) The deadline for discovery, provided by the same order, was September 6, 2011, and the deadline for summary judgment motions was October 6, 2011. (*Id.*) All answering briefs were due by November 7, 2011, and all reply briefs were due November 21, 2011. (*Id.*)

On June 16, 2011, defendant filed a notice and subpoena to depose plaintiff on July 12, 2011. (D.I. 12; D.I. 13) The subpoena was returned executed as to plaintiff on June 16, 2011. (D.I. 14) On July 11, 2011, the day before the deposition was scheduled to occur, plaintiff called defendant to request an extension of time in order to retain an attorney. (D.I. 24 at 1) Defendant agreed and, on June 11, 2011, reentered a notice and subpoena to dispose plaintiff on July 29, 2011. (D.I. 15; D.I. 16; D.I. 17) Plaintiff failed to appear at the second scheduled deposition. (D.I. 24 at 5)

On August 11, 2011, in response to plaintiff's failure to appear for the July 29 deposition, the court ordered a hearing scheduled for August 25, 2011, in which the plaintiff was to "show cause why the above-captioned matter should not be dismissed for failure to prosecute." (D.I. 18) The order stated "FAILURE OF PLAINTIFF TO APPEAR AT THE HEARING SHALL RESULT IN DISMISSAL OF THE ACTION." (*Id.*) On August 19, 2011, plaintiff filed a motion to extend time to obtain counsel and/or a motion to obtain counsel. (D.I. 19) Defendant filed a response to plaintiff's motion on

3

August 22, 2011, requesting that plaintiff's motion be denied and that plaintiff be required to pay for the court reporter who appeared for the July 29 deposition. (D.I. 20, ex. 3) The court held the August 25 hearing and both sides appeared. At that hearing, the court explained to plaintiff that "[he] either [has] to show up [for the deposition] or [has] to say I'm just not willing to do this and dismiss the lawsuit." (D.I. 27)

On August 30, 2011, the court entered a new scheduling order. (D.I. 21) The August 30 scheduling order required plaintiff to inform the court by September 26, 2011, whether he: (1) plans to retain counsel; (2) plans to move forward with the case pro se; or (3) plans to dismiss the case. (D.I. 21) The court also ordered plaintiff to appear for a scheduled deposition on October 5, 2011 at 10:00 a.m., and to bring all documents relating to the case. (*Id.*)

Defendant filed initial disclosures, pursuant to Rule 26, on September 13, 2011. (D.I. 22) There is no evidence on the docket that plaintiff filed any initial disclosures.

Plaintiff failed to respond to the court by September 26 with his intentions and also failed to appear for the court-ordered deposition. (D.I. 24 at 6) On October 10, 2011, plaintiff arrived at defendant's counsel's office for his deposition – five days after the scheduled deposition. (*Id.*)

Defendant filed a motion to dismiss for failure to prosecute and summary judgment on October 21, 2011. (D.I. 21) The court set a briefing schedule on December 13, 2011 requiring that plaintiff submit an answering brief by January 13, 2012 and that a reply brief be submitted by January 30, 2012. (D.I. 25) Defendant filed a notice of completion and request for decision on January 23, 2012. (D.I. 26) To date, plaintiff has not filed an answering brief.

4

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Fed. R. Civ. P. 41(b). Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. 2010) (not published).

The court must balance the factors and need not find that all of them weigh against plaintiff in order to dismiss the action. *Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of

5

dismissal).

## IV. DISCUSSION

The court finds that the *Poulis* factors warrant dismissal for failure to prosecute. First, as a pro se litigant, plaintiff is solely responsible for prosecuting his claim. *See Hussain v. PNC Fin. Serv's Group*, 276 F.R.D. 181, 183 (D. Del. 2011) (citing *Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992)). Although plaintiff stated he made attempts to obtain counsel, he is ultimately responsible for pursuing this case.

Second, defendant is prejudiced by plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff failed to provide initial disclosures and has left the defendant with non-specific allegations. Most significantly, plaintiff failed to make himself available for his court-ordered deposition prior to the expiration of the discovery deadline. These actions impede defendant's ability to prepare a trial strategy as there has been no discovery.

As to the third factor, there is a clear history of dilatoriness. Plaintiff requested continuation of his deposition the day before the deposition was to occur and failed to appear for the rescheduled deposition. (D.I. 24, ex. F) Furthermore, when the court ordered another deposition scheduled for October 5, 2011 (D.I. 21), plaintiff failed to appear. (D.I. 24, ex. G) Finally, plaintiff has failed to respond to the current motion in accordance with District of Delaware Local Rule 41.1. These actions indicate that plaintiff has a history of dilatory behavior.

As to the fourth factor, the facts to date indicate that plaintiff's failure to

6

prosecute is willful or in bad faith. Plaintiff failed to respond to the court's August 30 order. Despite being ordered by the court in person and in writing to appear on October 5 at 10:00 a.m. (D.I. 21; D.I. 27 at 10-11), plaintiff failed to appear and instead arrived at defendant's office on October 10, five days after ordered and three days after the close of discovery. (D.I. 24 at 5) Although the court ordered plaintiff to present any documents for discovery by October 7, 2011, according to the docket, plaintiff has failed to do so. (D.I. 21) Plaintiff has failed to respond to the current motion, thereby disregarding the court's scheduling order in yet another regard. (D.I. 25) These actions indicate a willful failure to prosecute by intentionally disregarding the court's orders.

As to the fifth factor, there are no alternative sanctions the court could effectively impose. Because the plaintiff is pro se and in forma pauperis, it is doubtful that monetary sanctions would be effective. See *Hussain*, 276 F.R.D. at 184.

Finally, as to the sixth factor, the merits of the claim, plaintiff alleges that he was wrongfully discharged and discriminated against because of his religion and disability. (D.I. 2) The record, however, indicates evidence of a legitimate nondiscriminatory reason for plaintiff's discharge. (*Id.* at 9) Defendant argues that plaintiff was discharged for absences and/or for falsification of call records. (*Id.* at 8, 10) The court is unable to determine the viability of the matter because of the lack of cooperation by plaintiff in the pretrial process.

Given plaintiff's failure to: (1) provide initial disclosures as ordered; (2) abide by the court's multiple scheduling orders to file briefs; (3) appear for depositions as scheduled and ordered prior to the expiration of the discovery deadline; and (4)

respond to defendant's motion for failure to prosecute, the court finds that the *Poulis* factors weigh heavily in favor of dismissal.

## V. CONCLUSION

For the above reasons, the court grants defendant's motion to dismiss for failure to prosecute. All other motions will be denied as moot. An appropriate order shall issue.